THATCHER *v.* THE PENNSYLVANIA, OHIO &
DETROIT RD. CO.

(Decided December 17, 1928.)

*Mr. Charles A. Thatcher, Mr. Chester Meck,* and
*Mr. John W. Hackett,* for plaintiff in error.

*Messrs. Fraser, Hiett, Wall & Effler,* for defendant
in error.

LLOYD, J.  October 11, 1926, the defendant in
error, the Pennsylvania, Ohio & Detroit Railroad
Company, as plaintiff, commenced proceedings in
the probate court of Lucas county, Ohio, against

Charles A. Thatcher, Agnes B. Platt, the Big Four Coal Company, and A. M. Donovan, to appropriate certain parcels of property located in Toledo, Ohio, owned respectively by these several defendants, the same to be used to eliminate a grade crossing at Main street in that part of Toledo known as East Toledo.

The preliminary questions having been affirmatively decided by the court, a jury was impaneled to fix the compensation which should be awarded. At the impaneling of the jury all of these defendants were present, either in person or by their attorneys, and thereafter separate trials were had by each of them; the case of Mr. Thatcher having been tried last. The jury by its verdict awarded to him the sum of $5,500, and, motion for a new trial being overruled, judgment was entered, thereon. Proceedings in error were instituted in the common pleas court by Mr. Thatcher to reverse this judgment, and, the court having affirmed the same, these proceedings in error were instituted in this court to reverse those judgments.

Mr. Thatcher is himself an attorney at law, and was represented by himself and by other counsel. Several grounds of error are alleged as reasons for reversal by this court of these judgments.

Mr. Thatcher first complains that the necessary prerequisites to the right to appropriate the property sought to be taken were not proven by the evidence submitted, to wit, that the defendant in error is a corporation and has the right to condemn property for its uses, that it has been unable to agree with the owner thereof as to the compensation to be paid, and that it is necessary for its purposes to

acquire the property in question. An examination of the record with respect to these particular matters discloses that the trial court was fully warranted and justified in affirmatively finding these necessary prerequisite facts to exist. Nor are we able to conclude that, as claimed by Mr. Thatcher, the verdict and judgment are manifestly against the weight of the evidence.

The other errors of which he complains in his brief are: That he was entitled not only to a separate trial, but to have a jury impaneled specifically for determining what compensation should be awarded to him for his property; that the jury was not impaneled as required by the Constitution of the state of Ohio, in that it consisted of both men and women, whereas the Constitution of the state of Ohio (Article XIII, Section 5) provides that compensation in cases such as this ''shall be ascertained by a jury of twelve men;'' and that counsel for the railroad company were guilty of misconduct in their argument to the jury.

We are of the opinion that the statutes relating to the procedure in the probate court as to the appropriation of property by municipal corporations do require a separate trial by jury, but not a separate jury, and that therefore this alleged claim of error is not well taken.

Section 5 of Article XIII of the Constitution of Ohio provides:

''No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money, or first secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corpora-

tion; which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law.''

By Section 1 of Article V of the Constitution of Ohio it is provided:

''Every citizen of the United States, of the age of twenty-one years, who shall have been a resident of the state one year next preceding the election, and of the county, township, or ward, in which he resides, such time as may be provided by law, shall have the qualifications of an elector, and be entitled to vote at all elections.''

This latter section was adopted subsequently to the adoption of the Nineteenth Amendment to the Constitution of the United States, which guarantees the equal right of suffrage to all citizens of the United States.

Section 11423, General Code, provides as to the manner in which the jury commission shall select persons for jury service, and provides that those so selected shall have ''the qualifications of electors.''

Plaintiff in error contends that Section 5 of Article XIII of the Constitution, above quoted, makes women ineligible to serve as jurors in proceedings by a corporation to appropriate property for right of way purposes, and that the judgment here in question should be reversed because the jury was composed of both men and women. Our opinion is that the word ''men'' is used in this section in a generic sense, and that the trial court did not err in the respect charged. The Supreme Courts of Michigan and Iowa have considered this question and expressed their reasons for a similar conclusion in most apt and cogent language, and this court adopts

the views there expressed. *People* v. *Barltz,* 212 Mich., 580, 180 N. W., 423, 12 A. L. R., 520; *State* v. *Walker,* 192 Iowa, 823, 185 N. W., 619.

It is claimed, also, that portions of the argument to the jury of counsel for defendant in error were improper, were not warranted by any evidence, and were therefore such misconduct as to constitute reversible error. Plaintiff in error, who had the opening and closing arguments, took only an incidental exception, and otherwise remained silent while the argument was in progress. Our examination of the record discloses no justification for some of the statements made in argument by counsel for defendant in error, but one of the attorneys for plaintiff in error, in his closing argument, also made statements justifiable only on the ground that they were in reply to those made by counsel for defendant in error. In pursuing this course, counsel for plaintiff in error may have thought that the argument made in behalf of defendant in error, if answered in kind, would redound to the advantage and benefit of plaintiff in error.

Arguments, of course, should be confined to the questions in issue and the evidence received relating thereto, and if misconduct of counsel in argument has improperly influenced the jury to return a verdict in favor of his client, the trial judge, regardless of whether objections and exceptions have been noted thereto, has the power to and should grant a new trial. The trial judge is the Master of ceremonies, so to speak, and the primary responsibility and duty rest upon him to see that the trial proceeds in an orderly and proper way. He is in a position to note the manner of speech, attitude and

conduct of counsel, and should see to it that the impartiality, dignity and courtesy which should characterize a trial are observed and preserved. If the general public is to respect the court as a medium through which justice is to be obtained, then those responsible for the conduct of the trial must themselves have respect therefor. In the instant case we can not say that this alleged error was prejudicial to the plaintiff in error.

Not finding any errors in the record prejudicial to the plaintiff in error, the judgment is affirmed.

*Judgment affirmed.*

Williams and Richards, JJ., concur.